**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER GLENNON, ) | CASE NO. CV 01-08559 (RZ) |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| vs. ) | AND ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff's first of several arguments for reversal of the underlying step-four denial of benefits is that the Administrative Law Judge improperly discounted the opinions of three treating sources. *See* Pl.'s Mem. at 12-13. In her September 23, 2003 opinion – a date nearly seven years after Plaintiff's last insured date – the Administrative Law Judge first summarized in some detail various evidence supporting a non-disability finding (albeit with some limitations), including the assessments of consultative examiners and a medical expert. *See* Administrative Record (AR) 20-23. Next, she explained as follows why she found the opinions cited by Plaintiff to be unpersuasive:

> There are numerous other functional assessments expressing greater exertional and nonexertional limitations submitted by Dr. Rice, Dr. Feldman, Dr. Hutton, Dr. Sasaki and

> Dr. Skenderian. With the exception of Dr. Rice, none of these medical sources examined and/or treated the claimant until [after] the [December 31, 1996] expiration of her insured status. Their assessments do not relate to that [insured] period.

AR 23. The Court pauses at this point – for the Administrative Law Judge's explanation continues with regard to Dr. Rice, as noted below – to determine whether applicable law and substantial evidence support the post-DLI-based rejection of the opinions of Drs. Sasaki and Skenderian. (Plaintiff does not discuss two of these doctors, Drs. Feldman and Hutton, in this action.)

Although some *discounting* of post-DLI opinions can be proper, such opinions generally may not be rejected altogether absent a sound explanation based on substantial evidence. "The rule in this circuit, as in most circuits, is that 'reports containing observations made after the period for disability are relevant to assess the claimant's disability.'" *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), *citing Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975). When it is necessary to draw medical inferences from post-DLI evidence as to the onset date of disability, the Administrative Law Judge must consult a medical expert for guidance. *See Armstrong v. Commissioner*, 160 F.3d 587, 590 (9th Cir. 1998) (interpreting SSR 83-20); *Quarles v. Barnhart*, 178 F. Supp. 2d 1089, 1096-97 (N.D. Cal. 2001) (explaining that the rationale for SSR 83-20's medical-expert mandate is that some disabilities, although diagnosed later, may have had an earlier onset).

Here, the Administrative Law Judge's pithy explanation for her rejection of the post-DLI opinions of Drs. Sasaki and Skenderian was that those doctors did not first see Plaintiff until after her DLI and that "[t]heir assessments do not relate to that [pre-DLI] period." AR 24; *see also* AR 21 (mentioning start dates of treatment by Drs. Sasaki and Skenderian). Perhaps so, but the Administrative Law Judge does not explain how she reached this conclusion. It is thus impossible for the Court to differentiate between, on the

one hand, (1) a sound rejection of the two doctors' post-DLI opinions based on the nature and progress of the ailments involved and the sort of examinations conducted; and, on the other hand, (2) a rejection of the opinions based solely on their post-DLI dates, in violation of *Smith v. Bowen*.  Although the Administrative Law Judge's opinion incorporated a prior opinion from 1999, the 1999 opinion likewise does not include any further explanation for discounting or rejecting the post-DLI opinions of Drs. Sasaki and Skendarian.  *See* AR 22 (incorporation, in current opinion, of 1999 opinion); AR 96-105 (1999 opinion); *see also* AR 156-200 (1999 hearing testimony of medical expert Dr. Cable), AR 183-86 (cross examination of Dr. Cable in 1999 hearing about Dr. Sasaki's post-DLI pain treatments).  Defendant advances some reasons why the rejection of those opinions is substantively sound, but the Court need not and does not address them because it may look only to the grounds articulated in the underlying administrative opinion, not to the Commissioner's *post hoc* defenses of that opinion.  *See Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). Remand is required to rectify this.

       The Court expresses no view on the remainder of Plaintiff's first argument or her other arguments for reversal.  On remand, however, Defendant may wish to take those arguments into consideration.

       For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this Opinion.

DATED: April 16, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE